LAWRENCEBURGH OVERALL MANUFACTURING COMPANY
*v.* KAISER.

[No. 13,831.  Filed February 28, 1930.]

*Estel G. Bielby,* for appellant.
*Martin J. Givan,* for appellee.

LOCKYEAR, J.—This is an appeal from a judgment of $1,450 rendered in favor of appellee against appellant upon a complaint which alleged that appellant was a corporation organized under the laws of this state; that appellee was duly elected secretary and treasurer of said

corporation, and, for his services as such secretary and treasurer, the appellant company contracted and agreed to pay him $50 per week; that he entered upon his duties as such officer and served until about January 19, 1927, when one Walter Schmarr, who at said time controlled a majority of the stock, did by violence forcibly eject appellee from appellant's office, and, since said day, said corporation has refused to permit appellee to continue his duties as secretary and treasurer of said corporation, wherefore he demanded judgment for $2,600.

The court found the facts specially and stated conclusions of law thereon. The finding of facts was as follows: that Paul Kaiser served as secretary and treasurer of the corporation continuously from February 9, 1922, up to January 19, 1927; that a special meeting was called on January 19, 1927, immediately after an altercation and fight between Paul Kaiser, Walter Schmarr and William Schmarr; that said Paul Kaiser was present at the time of said special meeting, but took no part nor voted his stock thereat; that on January 19, 1927, there were two stockholders in said corporation, viz., Walter Schmarr, who was then and there the owner of 80 shares of the capital stock of said corporation, and Paul Kaiser, who was then and there the owner of 40 shares of the capital stock of said defendant corporation; that, at the time of the holding of said meeting on January 19, 1927, the said Walter Schmarr was then acting as president of said corporation and the said Paul Kaiser was then acting as secretary and treasurer of said corporation; that the said Walter Schmarr acted as chairman of said meeting held on said January 19, 1927, and voted his stock for himself as president of said corporation, William Schmarr as vice-president, Philip Schuler as treasurer, and L. C. Morris as secretary; that the said Paul Kaiser did not serve in the capacity of secretary and treasurer after said January 19, 1927;

that, on January 19, 1927, the said Paul Kaiser was receiving as salary for his services as secretary and treasurer of said company the sum of $50 per week, and had been receiving such amount as salary from October, 1926; previous to that time he had received $40 per week; that the said Paul Kaiser was paid for his services up to and including said January 19, 1927; that the said plaintiff was not paid for any services as secretary and treasurer of said defendant corporation since said January 19, 1927.

The conclusions of law upon the finding of facts were that the election of January 19, 1927 was illegal and void in so far as the same concerns the removal of the plaintiff or the election of his successor; that the plaintiff was entitled to hold such office until his successor was elected and qualified for the office or until the plaintiff was no longer connected with said company; that the plaintiff was entitled to recover of and from the defendants his salary as such secretary and treasurer to August 9, 1927.

Appellant filed its motion for a new trial and alleged that the finding of the court is not sustained by sufficient evidence and is contrary to law.

Before the Lawrenceburgh Overall Manufacturing Company was incorporated, the business was owned and operated by Ben Schusterman, Paul Kaiser and Albert Spanagel, each having $2,500 capital invested in a co-partnership. It was a small concern, each partner doing his equal share of the work as is usual in such concerns. When it was incorporated, the business went on in the same way. There were various transfers and assignments of stock until July, 1927, when there were only two stockholders, Paul Kaiser, the appellee, who owned 40 shares, and Walter Schmarr, who owned 80 shares of the capital stock of said company. These two men managed the business of the company, each taking out of the business for his services at first $40 per week and then $50 per week.

There was no evidence to support the finding that this pay was for services rendered as such official. There is no evidence of any agreement between the appellee and the appellant whereby the appellee was to receive a salary as an official of the company, either by resolution of a board of directors, of stockholders, or otherwise, but the fair inference from all the testimony is that the pay so received was compensation for labor as superintendent of the factory, looking after the repairs of machinery and getting out the work. The decision of the court was not sustained by sufficient evidence.

Reversed, with instructions to grant a new trial.